## S. H. STOKES ET AL. v. JOE WILMETH.

Decided June 23, 1909.

**Transcript—Time for Filing—Waiver.**

A written agreement by appellee waiving the requirement that the transcript be filed by appellant within ninety days from the perfecting of appeal does not give the latter an unlimited time in which to exercise that right; it must be filed within reasonable time, and a delay of one year from the time appeal was perfected will justify a refusal to permit the filing.

Motion for leave to file transcript in an appeal from the County Court of Wood County.

*Hart & Hart,* for appellant.

*Geddie & Harris,* for appellee.

FISHER, CHIEF JUSTICE.—This case was tried and disposed of at the May term, 1908, of the County Court of Runnels County. An appeal was perfected to this court by the appellant, and it appears from an endorsement upon the transcript that the same was delivered to the attorneys for the appellant on the 30th day of June, 1908. On the 15th day of August the attorneys for the appellants and appellee entered into a written agreement to the effect that they waived the time of filing the briefs with the county clerk, and agreed that the transcript and briefs may be filed in the Court of Civil Appeals after the expiration of the ninety days from perfecting the appeal. On June

11th, 1909, the appellee filed in this court a motion to affirm on certificate. On June 21, 1909, the appellants filed in this court a motion wherein they request permission to file the transcript by virtue of the agreement heretofore stated.

Upon certified question from this court the Supreme Court has held that an agreement between parties extending the time of filing the transcript here beyond the ninety days required by the statute was, in effect, good cause shown why the transcript was not filed within the time required by law, and that such agreement could be given the effect intended by the parties; but under the facts as stated we do not believe that the rule announced by the Supreme Court should be given application in this instance. It certainly was not intended that the appellant should file the transcript when he saw fit to do so, and that it was intended by the agreement that there should be no limitation as to the time when he should exercise this right. We construe the agreement to mean that the appellant would be entitled to a reasonable time after the expiration of the ninety days in which to file the transcript; and if we are correct in this view of the question he has certainly had more than a reasonable time in which to get the transcript into this court since the time it was delivered to him on the 30th day of June, 1908, and since the time of the expiration of the ninety days when he would be required to have it filed in the absence of the agreement. More than a year has expired since the appeal was perfected, and the ninety days would have expired about the first of September, 1908. Therefore, giving full effect to the agreement, we are of opinion that there has been an unreasonable delay in filing the transcript.

*Motion overruled.*