## HERBERT & WIGHT v. COFFEE.

(Court of Civil Appeals of Texas. El Paso.
May 9, 1912. On Rehearing,
May 29, 1912.)

1. APPEAL AND ERROR (§ 627*)—RECORD—STATEMENT OF FACTS—TIME FOR FILING.

Where an original copy of the statement of facts, not bearing the file mark of the clerk of the lower court, and a carbon copy bearing such file mark appeared in the record, but neither the original nor the copy was filed within the time prescribed by law, neither can be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

On Rehearing.

2. APPEAL AND ERROR (§ 601*)—RECORD—STATEMENT OF FACTS—ORIGINAL COPY.

The original copy of the statement of facts may properly be considered a part of the transcript of the record on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2651–2653; Dec. Dig. § 601.*]

3. APPEAL AND ERROR (§ 628*) — RECORD — TIME FOR FILING TRANSCRIPT—EXTENSION BY STIPULATION.

An agreement between the parties, extending the time of filing the transcript beyond the 90 days allowed by statute, is, in effect, good cause shown why the transcript was not filed within the statutory period, and will be given the effect intended by the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

4. APPEAL AND ERROR (§ 624*)—TIME FOR FILING TRANSCRIPT—EXTENSION BY AGREEMENT—REASONABLE TIME.

A stipulation of parties as to the time of filing the statement of facts cannot indefinitely delay its filing; and, hence, where a transcript of the record was originally filed in another Court of Civil Appeals June 12, 1911, and after transfer was filed here August 3, 1911, and the statement of facts and duplicate received by the clerk of this court April 22, 1912, was not filed until after submission of the case and opinion rendered, it was tendered too late, notwithstanding a stipulation that it might be filed in the appellate court at any time before final submission of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2737–2742; Dec. Dig. § 624.*]

Appeal from District Court, Ector County; S. J. Isaacs, Judge.

Trespass to try title between Herbert & Wight and Frances Coffee. Judgment for Coffee, and Herbert & Wight appeal. Affirmed.

Frank A. Judkins, of Odessa, for appellants. John B. Howard, of Midland, for appellee.

HIGGINS, J. This is an action of trespass to try title for the purpose of establishing a boundary. The cause was tried before the court, who filed conclusions of law and fact.

[1] There appears in the record an original copy of the statement of facts approved by the court and counsel; also a carbon copy thereof. The carbon copy bears the file mark of the clerk of the lower court; but the original does not. Neither the original nor the copy was filed in the Ft. Worth Court of Civil Appeals (from which it was transferred to this court), nor in this court, within the time prescribed by law, and cannot be considered.

In the absence of a statement of facts, we cannot pass upon the merits of the two assignments of error presented by appellants.

No errors appearing of a fundamental nature, the judgment is affirmed.

On Rehearing.

Appellants have filed motion for rehearing, attaching thereto a stipulation signed by counsel, dated March 18, 1911, in which it was agreed that the statement of facts in the cause might be filed in the appellate court at any time before the final submission of the cause, and the court is requested to now give effect to this agreement and consider statement of facts. The transcript of the record was originally filed in the Ft. Worth Court of Civil Appeals on June 12, 1911, and upon transfer to this court was here filed on August 3, 1911, and the statement of facts, in duplicate, was sent to the clerk of this court and by him received on April 22, 1912. Until the filing of the motion for rehearing, with above-mentioned stipulation attached, this court was not advised of the agreement; and the statement of facts was therefore not filed or considered.

[2, 3] Under the law, the original copy of the statement of facts may properly be considered a part of the transcript of the record on appeal; and our Supreme Court has held that an agreement between the parties, extending the time of filing the transcript beyond the 90 days required by the statute, was in effect good cause shown why the transcript was not filed within the time required by law, and that such an agreement could be given the effect intended by the parties.

[4] In Stokes v. Wilmeth, 56 Tex. Civ. App. 497, 120 S. W. 948, it was held, however, that this would not authorize the parties to indefinitely delay filing the transcript; and in the instant case we think that the statement of facts was tendered too late, and that, had this court been advised of the stipulation at the time the statement of facts was tendered, we should have refused to give effect thereto. Certainly, however, it is too late to give effect to such an agreement after the case has been submitted and opinion rendered. Aside from these considerations, however, there is a further insuperable objection to the consideration of the statement of facts in this cause. The original statement, which is to be sent up to this court as a part of the record upon appeal, was never filed in the lower court, as it bears no file mark whatever; and we are therefore unable to consid-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

er the statement of facts, for the reason that it was not filed in the lower court, as by law required.

Motion for rehearing overruled.